# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| KATHLEEN J. BANACH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 cv 6376 |
| | ) | |
| v. | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Kathleen Banach ("Plaintiff") has appealed the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her disability benefits under Title II of the Social Security Act. [Dkt. 1.] The Parties have filed cross-motions for summary judgment. [Plaintiff's motion at dkt. 21; Commissioner's motion at dkt. 26.]

Plaintiff alleges only one error on the part of the administrative law judge ("ALJ") in the instant matter: that the ALJ's step three determination was erroneous, in that the ALJ allegedly failed to conduct an equivalency analysis accounting for Plaintiff's obesity. Under step three of an ALJ's assessment, the ALJ must determine whether a claimant's severe impairment(s) meets or equals an impairment considered conclusively disabling such that the claimant is impeded from performing basic work-related activities. 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920(a)(4)(i)-(v). Essentially, "evidence demonstrating the claimant's impairments is compared to a list of impairments presumed severe enough to preclude any gainful work." *Rice v. Barnhart*, 384 F.3d 363, 365 (7th Cir. 2004). To establish presumptive disability under a listing, each of the specified medical criteria of the listing must be satisfied; an impairment that manifests only some of the criteria, no matter how severely, does not qualify. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990). When a plaintiff presents with multiple impairments, an ALJ is to "consider the combined effect of all [the] impairments without regard to whether any

such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523(c). It is important to note that the claimant bears the burden of proof at this step of the analysis. *Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999).

An ALJ's decision must be upheld if it follows the administrative procedure for determining whether a plaintiff is disabled as set forth in the Social Security Act ("the Act"), if it is supported by substantial evidence, and if it is free of legal error. *See* 20 C.F.R §§ 404.1520(a), 416.920(a); 42 U.S.C. § 405(g); *Scheck v. Barnhart*, 357 F.3d 697, 699 (7th Cir. 2004). Substantial evidence exists when a "reasonable mind might accept [the evidence] as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Under the substantial evidence standard, the court neither reweighs the record nor second-guesses the ALJ's judgment. *Shideler v. Astrue*, 688 F.3d 306, 310 (7th Cir. 2012). This "lax" standard is satisfied when the ALJ "minimally articulate[s] his or her justification for rejecting or accepting specific evidence of a disability." *Berger v. Astrue*, 516 F.3d 539, 545 (7th Cir. 2008) (internal signals omitted) (citing *Rice*, 384 F.3d at 371).

On March 16, 2016, the ALJ in the instant matter, Michael Pendola, issued his decision. [Administrative Record ("R") 19-30.] While undertaking the prescribed five-step disability analysis, 20 C.F.R. §§ 404.1520(a), 416.920(a), the ALJ found that Plaintiff had several severe impairments, including migraine headaches; post-laminectomy syndrome;[1] morbid obesity; affective disorders; and anxiety. [R 21.] However, the ALJ determined that Plaintiff's impairments did not meet or equal a listed impairment, either when considered individually or in combination. [R 22-25.] The ALJ explained that he considered all the listings, but gave particular attention to listings 1.04 (disorders of the spine), 11.00 (neurologic disorders), 12.04 (depressive, bipolar, and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders). [R 22.] The ALJ specifically addressed Plaintiff's obesity during his consideration of the listings, as follows:

---

[1] Post-laminectomy syndrome refers to pain that persists after back surgery.

2

> Finally, and as noted above, the claimant is diagnosed with obesity, which is considered here in accordance with the regulations (See SSR 02-01p). While there is no longer a specific listing for obesity, the claimant's obesity has been considered using the criteria of the musculoskeletal, respiratory, and/or cardiovascular impairments under Sections l.00Q, 3.00I and/or 4.00F in Appendix 1 to Subpart p, 20 C.F.R. Part 404. The medical records demonstrate the claimant had a Body Mass Index (BMI) ranging from 33.3 to 41.22, in the obese to morbidly obese range. However, the claimant's obesity does not, either alone or in combination with other impairments, rise to the level of severity necessary to meet or equal a listing.

[R 23 (internal record citation omitted).] The ALJ also acknowledged that Plaintiff's "obesity can cause or contribute to impairments in the musculoskeletal, respiratory, and cardiovascular body systems." [R 26.] The ALJ then explained that, in combination with her other impairments, Plaintiff's obesity supported a residual functional capacity ("RFC") finding limited to sedentary work.[2] [*Id.*] The ALJ ultimately found Plaintiff not disabled under the Act. [R 30.]

As noted, Plaintiff bears the burden of articulating how her obesity exacerbated her underlying conditions and further limited her functioning. *Hernandez v. Astrue*, 277 F. App'x 617, 624 (7th Cir. 2008); *Maggard*, 167 F.3d at 380. Plaintiff has not done so. Plaintiff has not actually alleged that her obesity exacerbated her underlying conditions or further limited her functioning, nor has she pointed to evidence of record indicating her obesity impacted her other impairments or her ability to work. In fact, in the argument section of her opening brief, Plaintiff only cites to the record one time, and this is to refer to the ALJ's decision. [Dkt. 20, p. 5.] Plaintiff's two paragraph reply brief likewise identifies no evidence of record, despite noting that "there is considerable evidence that the ALJ failed to consider concerning plaintiff's obesity…." [Dkt. 28, p. 1.]

---

[2] The ALJ limited Plaintiff to sedentary work with a host of postural and environmental limitations, including, *inter alia*, being limited to frequently stooping, crouching, kneeling, and crawling. [R 25.] Plaintiff raised no issue with respect to her RFC; she has waived these issues. *See Schomas v. Colvin*, 732 F.3d 702, 707 (7th Cir. 2013). However, we do note our skepticism with this portion of the RFC, as the Seventh Circuit has expressed doubt that someone with a BMI near 40 could "even occasionally" crawl, stoop, and crouch. *Goins v. Colvin*, 764 F.3d 677, 682 (7th Cir. 2014). While our opinion herein is solely based on the ALJ's step three decision, we too are skeptical "that an ALJ can accommodate a claimant's morbid obesity by assigning the kinds of limitations to crawling and crouching [and stooping and kneeling] that the ALJ assigned here." *Abu Zant, v. Berryhill*, 2018 WL 3381408, at *5 (N.D. Ill. July 11, 2018) (citing *Goins*, 764 F.3d at 682).

3

Where a plaintiff herself is silent in this regard, the Seventh Circuit has "repeatedly excused as harmless error the failure of an ALJ to explicitly address the claimant's obesity as SSR 02-1p prescribes so long as the ALJ demonstrated that he reviewed the medical reports of the doctors familiar with the claimant's obesity." *Hernandez*, 277 F. App'x 617, 624 (citing *Prochaska v. Barnhart*, 454 F.3d 731, 736-37 (7th Cir.2006); *Skarbek v. Barnhart*, 390 F.3d 500, 504 (7th Cir.2004)). Here, the ALJ discusses numerous medical records that reference Plaintiff's obesity (*e.g.*, R. 327, 955, 968, 1006), and none contain any reference to any limitations caused by Plaintiff's obesity. *See Hernandez*, 277 F. App'x at 624 (ALJ correctly noted that plaintiff's medical records contained "no reference…to any specific limitations caused by obesity"). The Court has not found any in the record either. *See Estate of Moreland v. Dieter*, 395 F.3d 747, 759 (7th Cir. 2005) ("We will not scour a record to locate evidence supporting a party's legal argument."). At the administrative hearing, while Plaintiff's counsel did reference the fact that Plaintiff is obese, counsel did not include obesity within her list of Plaintiff's "medical conditions when taken together create an inability to be gainfully employed." [R. 41-42.] The only time Plaintiff testified as to an effect of her obesity is when she mentioned she had to get a larger sized mother-of-the-bride dress than anticipated for her son's wedding. [R 63-64.] This is not an impact on other impairments nor is it indicative of an inability to maintain gainful employment.

Further, the Seventh Circuit has acknowledged that, in the absence of contrary evidence, the opinions of state agency reviewing physicians and psychologists constitute substantial evidence on the issue of whether a claimant meets or medically equals any listing. *Scheck*, 357 F.3d at 700. State agency physicians, Sarah Bilinsky, MD and Richard Lee Smith, MD, reviewed the record and found that Plaintiff's condition did not meet or equal any listing, and Drs. Bilinsky and Smith reflected these opinions in the state agency Disability Determination and Transmittal forms. [R 87, 101.] The Seventh Circuit has made "clear that the ALJ may rely solely on opinions given in Disability Determination and Transmittal forms and provide little additional explanation only so long as there is no

contradictory evidence in the record." *Ribaudo v. Barnhart*, 458 F.3d 580, 584 (7th Cir. 2006) (citing *Scheck*, 357 F.3d at 700-01). Again, Plaintiff has presented no contradictory evidence suggesting her obesity meets or equals a listing or that her obesity impacts her other impairments such that a listing is met. The ALJ may properly rely upon the opinion of these medical experts. *Scheck*, 357 F.3d at 700. Therefore, the Court does not find it error for the ALJ to have relied upon these medical opinions (themselves finding that Plaintiff's condition did not meet or equal a listing), when the ALJ himself determined that no listing was met.

As identified above, the ALJ explicitly considered how Plaintiff's obesity might impact her musculoskeletal, respiratory, cardiovascular systems, as well as her other impairments (migraines; lingering pain after back surgery; affective disorders; and anxiety), and pointed to evidence supporting his conclusion that Plaintiff would able to function within the limits of the RFC. [R 22-28.] This is not a case where the ALJ failed to address Plaintiff's obesity or overlooked record evidence regarding the interplay of her obesity and her other ailments. Instead, the ALJ evaluated the evidence and gave supported reasons for concluding that Plaintiff did not meet the Act's standards for disability. That reasonable minds might read the record differently is insufficient under the standard of review, where we are not permitted to displace the ALJ's opinion by reweighing the evidence or second-guessing the ALJ's judgment with respect to whether Plaintiff is disabled. *Shideler*, 688 F.3d at 310.

Because the ALJ's opinion is supported by substantial evidence, Plaintiff's Motion for Summary Judgment [dkt. 21] is denied and the Commissioner's Motion for Summary Judgment [dkt. 26] is granted. The decision of the ALJ is affirmed.

Entered: 7/27/2018

_____

U.S. Magistrate Judge, Susan E. Cox